1 ALEX G. TSE (CABN 152348)
United States Attorney
2
BARBARA J. VALLIERE (DCBN 439353)
3 Chief, Criminal Division

4 ROBERT S. LEACH (CABN 196191)
Assistant United States Attorney
5
   1301 Clay Street, Suite 340S
6    Oakland, California 94612
   Telephone: (510) 637-3680
7    Fax: (510) 637-3724
   Email: robert.leach@usdoj.gov
8
Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. CR 11-327 CW |
| Plaintiff, | ) [~~PROPOSED~~] DETENTION ORDER |
| v. | ) |
| SENON NAILS, | ) |
| Defendant. | ) |

On October 1, 2018, a Petition for Arrest Warrant for Offender Under Supervision ("Form 12") was filed. The Form 12 includes three charges that the defendant violated a condition of supervised release. On October 10, 2018, the defendant made an initial appearance on the Form 12. The government moved for detention and the Court set a detention hearing for October 22, 2018.

On October 22, 2018, the Court conducted a detention hearing. Both parties proffered information for the Court to consider in reaching a decision on the detention motion. The United States Probation Officer also recommended that the defendant be detained, due to the danger he poses to others, and based upon the defendant's history of violating the conditions of his supervised release.

The government argued that the defendant had not met his burden of showing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. The

defendant opposed the detention motion and asked to be released on the condition that he reside at a residential drug treatment program, among others. The defendant, through counsel, proffered that the defendant desired to return to the residential drug treatment program and addressed the allegations in the Form 12. The Court also heard from the defendant, who, among other things, addressed the circumstances of his possession of ammunition.

In the supervised release revocation context, the burden is on the defendant seeking release to "establish[] by clear and convincing evidence that the [defendant] will not flee or pose a danger to any other person or to the community." Fed. R. Crim. P. 32.1(a)(6); *see also* 18 U.S.C. § 3143(a); Fed. R. Crim. P. 46(d); *United States v. Loya*, 23 F.3d 1529, 1530 (9th Cir. 1994).

Having considered the parties' proffers and information provided by the United States Probation Officer, as well as Court records in the case, the Court finds that the defendant has not met his burden to provide clear and convincing evidence that he is not a flight risk or that he does not pose a danger to any other person or to the community. The Court therefore orders the defendant detained.

In considering the Court's record and the information presented at the hearing, the Court finds that the defendant did not meet his burden to provide clear and convincing evidence that he is not a danger at this time because: (1) the petition alleges the defendant was arrested on September 29, 2018, for state felony and other offenses after being found standing by a vehicle, registered to the defendant, containing 437.05 grams of suspected methamphetamine; (2) the petition alleges that, at the time of his arrest, the defendant possessed an unspent .40 caliber bullet in his pocket; (3) the defendant was sentenced on August 14, 2018, to ten days in custody and ordered to reside in a residential drug treatment program for violating conditions that he reside in a residential reentry center, not use any controlled substance, and follow the instruction of the Probation Officer; (4) the petition alleges that the defendant walked away from a residential drug treatment program on September 17, 2018; (5) the petition alleges that the defendant failed to return to the residential drug treatment program after an order from the Probation Officer on September 27, 2018; and (6) since supervision commenced in February 2017, the defendant has had many prior petitions to revoke or modify supervised release alleging use of a controlled substance or failure to reside in a residential drug treatment program.

Therefore, the court finds that there are no conditions or combination of conditions that will reasonably assure the safety of the community.

The defendant is hereby committed to the custody of the Attorney General for confinement in a corrections facility. The defendant must be afforded reasonable opportunity for private consultation with his counsel. On order of a court of the United States or on request of any attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: 10/23/18

THE HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge